UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LYNN SCOTT, #286163,

        Petitioner,

                              CASE NO. 15-CV-14028
v.                             HONORABLE NANCY G. EDMUNDS

THOMAS WINN,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT
OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

Michigan prisoner Lynn Scott ("Petitioner") has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his home invasion conviction and sentence. Petitioner was convicted of first-degree home invasion, MICH. COMP. LAWS § 750.110a, following a jury trial in the Oakland County Circuit Court in 2013. He was initially sentenced as a fourth habitual offender, MICH. COMP. LAWS §769.12, to 12 to 60 years imprisonment, but then re-sentenced to 9 to 60 years imprisonment in 2014. In his petition, he raises claims concerning a perceived violation of Michigan's 180-day rule and preliminary examination delay, the validity of his sentence (asserting that the court improperly considered convictions greater than 10 years old), prosecutorial misconduct, and the failure to produce an informant. For the reasons stated herein, the Court dismisses without prejudice the petition for a writ of habeas corpus. The Court also denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

II.     **Facts and Procedural History**

Petitioner's conviction arises from a home invasion that occurred in Oakland County, Michigan in 2013.  The Michigan Court of Appeals described the relevant facts as follows:

> In the early morning hours of January 13, 2013, complainant Nobuko Sakaguchi, awoke to discover defendant standing in the entry way of the side door to her home. When the complainant screamed for her adult son in the next room, defendant fled the scene. A tracking dog was immediately dispatched to the complainants' home, but the canine lost the intruder's scent less than a mile from the property. Defendant was eventually apprehended approximately eight hours later when a patrol officer spotted defendant at a bus stop near the complainants' home. At that time, defendant was found with, among other things, a box cutter, screwdriver, two pairs of gloves, a flashlight, some jewelry, and a set of keys belonging to the complainants' house. The keys were typically kept near the door where defendant allegedly entered the home.

*People v. Scott*, No. 318554, 2015 WL 1223893, *1 (Mich. Ct. App. March 17, 2015) (unpublished).

Following his conviction and re-sentencing, Petitioner proceeded with an appeal of right before the Michigan Court of Appeals raising claims concerning the effectiveness of trial counsel, an alleged 180-day rule violation, a delay in arraignment, and the validity of his sentence (relative to his offense category).[1]  The Michigan Court of Appeals denied relief on those claims and affirmed Petitioner's conviction and new sentence.  *Id.*  Petitioner indicates that he then filed an application for leave to appeal with the Michigan Supreme Court raising some or all of those claims, as well as new claims concerning the validity of his sentence (asserting that the court improperly considered convictions greater than 10 years old), prosecutorial misconduct, and the failure to produce an informant.  The

---

[1]According to the Michigan Court of Appeals, this initial sentencing issue was resolved by his re-sentencing.

Michigan Supreme Court denied leave to appeal in a standard order. *People v. Scott*, _ Mich. _, 869 N.W.2d 595 (Sept. 29, 2015).

Petitioner dated his federal habeas petition on November 5, 2015.

### III.  Analysis

A prisoner filing a habeas petition under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must be presented to the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). For a Michigan prisoner, each issue must also be raised before the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009) (citing *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990)). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a prisoner must exhaust available state court remedies before seeking federal habeas review. *Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987); *Wagner*, 581 F.3d at 415 (citing *Harris v. Lafler*, 553 F.3d 1028, 1031 (6th Cir. 2009)). The burden is on the prisoner to prove exhaustion. *Rust*, 17 F.3d at 160.

In this case, Petitioner has not met his burden of establishing that he has properly

exhausted all of his habeas claims in the Michigan courts before proceeding on federal habeas review. His pleadings indicate that he did not raise his current sentencing claim, his prosecutorial misconduct claim, and his informant claim on direct appeal before the Michigan Court of Appeals and first raised those claims before the Michigan Supreme Court. Presenting new issues for the first time before a state supreme court on discretionary review, however, does not amount to a "fair presentation" of those claims to the state courts for exhaustion purposes. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Petitioner has thus failed to properly exhaust all of his claims in the state courts before seeking federal habeas review.

Petitioner has an available avenue for relief in the state court system such that his further pursuit of state court remedies would not be futile. For example, he may file a motion for relief from judgment with the trial court under Michigan Court Rule 6.500 *et seq.* raising his unexhausted claims and then pursue those claims in the state appellate courts as necessary. At least some of those unexhausted issues may concern matters of federal law which warrant further review and should therefore be addressed to, and considered by, the state courts in the first instance. Otherwise, the Court cannot apply the standard found at 28 U.S.C. § 2254.

A federal district court has discretion to stay a mixed habeas petition, containing both exhausted and unexhausted claims, to allow a petitioner to present his unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good

cause" for the failure to exhaust state remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id.* at 277.

Petitioner, however, has not shown the need for a stay. The one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), does not pose a problem for Petitioner as it has not yet begun to run. The one-year limitations period does not begin to run until 90 days after the conclusion of his direct appeal, *see Jimenez v. Quarterman*, 555 U.S. 113, 119-20 (2009); *Lawrence v. Florida*, 549 U.S. 327, 333 (2007); S. Ct. R. 13(1), on or about December 28, 2015. Thus, the full one-year period remains. The limitations period will be tolled while Petitioner has a properly filed application for state post-conviction or collateral review pending in the state courts. *See* 28 U.S.C. § 2244(d)(2). Additionally, although the time in which a habeas case is pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time is equitably tolled by this Court. *Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004). Petitioner thus has ample time to properly exhaust all of his issues in the state courts and then return to federal court on a perfected petition.

Additionally, while there is no indication that Petitioner has engaged in "intentionally dilatory tactics," he neither alleges nor establishes good cause for failing to properly exhaust all of his claims in the state courts before seeking habeas relief in federal court. Lastly, while some of Petitioner's unexhausted claims may concern matters of federal law, the Court cannot determine from the pleadings whether they are "plainly meritless." Given

such circumstances, a stay is unwarranted and a non-prejudicial dismissal of the habeas petition is appropriate.

## IV.   Conclusion

For the reasons stated, the Court concludes that Petitioner has not properly exhausted all of his habeas claims in the state courts before filing this action, that he must do so before proceeding on federal habeas review, and that a stay is unwarranted. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus.  The Court makes no determination as to the substantive merits of Petitioner's claims.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue.  28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a district court denies relief on procedural grounds without addressing the merits of a claim, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling.  *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

Having considered the matter, the Court concludes that reasonable jurists could not debate the correctness of the Court's procedural ruling.  Accordingly, the Court **DENIES** a certificate of appealability.  The Court also **DENIES** leave to proceed *in forma pauperis* on appeal as an appeal cannot be taken in good faith.  FED. R. APP. P. 24(a).

**IT IS SO ORDERED**.

                                                              <u>s/ Nancy G. Edmunds</u>
                                                              NANCY G. EDMUNDS
                                                              UNITED STATES DISTRICT JUDGE

Dated:  November 20, 2015